IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BRYAN S.,[1] | ) |
|    Plaintiff, | ) ) ) |
| v. | )   Civil Action No. 7:20-cv-00358 |
| KILOLO KIJAKAZI, Acting<br>  Commissioner, Social Security<br>  Administration, | ) )   By: Elizabeth K. Dillon<br>)        United States District Judge<br>) ) |
|    Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Bryan S. brought this action for review of the final decision made by defendant, Acting Commissioner of the Social Security Administration, denying his application for disability insurance benefits under the Social Security Act. (Complaint, Dkt. No. 2.) Both parties moved for summary judgment (Dkt. Nos. 13, 15), and pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred the motions to U.S. Magistrate Judge Robert S. Ballou for a report and recommendation (R&R). On August 4, 2021, the magistrate judge issued his R&R, finding that substantial evidence supported the Commissioner's decision. (R&R, Dkt. No. 21.) Bryan S. filed objections on August 18, 2021. (Dkt. No. 22.)

After de novo review of the pertinent portions of the record, the report, and the filings by the parties, in conjunction with the applicable law, the court agrees with the magistrate judge's recommendation. Accordingly, the court will grant the Commissioner's motion for summary

---

[1] Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

judgment, deny plaintiff's motion for summary judgment, and affirm the Commissioner's decision.

## I.  BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report.  (R&R 2–8.)  Briefly, the Administrative Law Judge (ALJ) found that plaintiff suffered from the severe impairments of coronary artery disease with a history of myocardial infarction (heart attack), hypertension, hyperlipidemia, lumbar spondylosis, osteoarthritis of the hands, cognitive impairment, and major depressive disorder.  (Tr. 18.)  After finding that plaintiff's impairments did not meet or equal any listed impairments, the ALJ reasoned that plaintiff retained the residual functional capacity (RFC) to perform a limited range of light work.  Plaintiff can occasionally perform postural activities, but he can frequently balance and handle and finger.  He should avoid concentrated exposure to industrial hazards.  And he can understand, remember, and carry out simple instructions and perform simple tasks; he is expected to be off task less than ten percent of the workday.  (Tr. 22.)

Based on this RFC finding and the testimony of a vocational expert, the ALJ concluded that plaintiff could perform jobs that exists in significant numbers in the national economy, such as marker, cleaner, and inspector.  Thus, the ALJ found that plaintiff was not disabled within the meaning of the Social Security Act.

## II.  DISCUSSION

**A.  Standard of Review**

This court's review of the ALJ's underlying decision is limited.  *See Gregory H. v. Saul*, Civil Action No. 7:18-cv-00342, 2019 WL 4280334, at *1 (W.D. Va. Sept. 10, 2019).  Specifically, "[a] district court's primary function in reviewing an administrative finding of no

disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

For an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Further, objections must respond to a specific error in the report and recommendation. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections, therefore, are not proper; they are in fact considered the equivalent of a waiver. *Id.* Likewise, an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object. *Moon v. BWX Techs*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010). As other courts have recognized in the social security context, "[t]he Court may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already

considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (quoting *Felton v. Colvin*, No. 2:12-cv-558, 2014 WL 315773, at *7 (E.D. Va. Jan. 28, 2014)).  Because "the purpose of magistrate review is to conserve judicial resources," a "mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." *Nichols v. Comm'r of Soc. Sec.*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015); *see also Hammack v. Berryhill*, Civil Action No. 7:16cv00314, 2017 WL 4203545, at *2 (W.D. Va. Sept. 21, 2017) ("A plaintiff who reiterates her previously raised arguments will not be given 'the second bite at the apple she seeks'; instead, her re-filed brief will be treated as a general objection, which as the same effect as would a failure to object.") (quoting *Veney v. Astrue*, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008)).

### B. Bryan S.'s Objections to the R&R

In his summary judgment brief, Bryan S. argued that the ALJ's assessment of his mental impairments, physical impairments, RFC, and subjective allegations are not supported by substantial evidence.  (*See* Pl.'s Mem. in Supp. of Mot. for Summ. J. 16–28, Dkt. No. 16.)  In many, if not most respects, Bryan S.'s objections are a restatement of his summary judgment arguments.  It is not necessary for the court to address the exact same arguments raised before, and thoroughly addressed by, the magistrate judge.  The court will, however, address the following objections.

Plaintiff argues that the magistrate judge "missed the point" of his argument concerning Dr. Ann Sollinger's testing of plaintiff's cognitive abilities.  The magistrate judge explained that that Dr. Sollinger's treatment notes do not qualify as "opinions" under the new regulations, which are effective for claims, such as plaintiff's, filed on or after March 27, 2017.  20 C.F.R. §§

4

404.1520c(a), 416.920c(a). Because Dr. Sollinger's evaluation was not a statement about what plaintiff can do despite his impairments, the treatment notes were more appropriately categorized as "other evidence," which includes "judgments about the nature and severity of [a claimant's] impairments, [] medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. § 404.1513. The ALJ "did not ignore Dr. Sollinger's treatment notes. He described the treatment notes in his review of the medical evidence and referenced Dr. Sollinger's conclusion in his analysis." (R&R 10 (citing Tr. 20, 24, 27).) The magistrate judge went on to explain how the ALJ credited the state agency psychologists' medical opinions, in addition to the consultative psychological evaluation of Dr. Jeffrey Luckett, and that the ALJ's decision to credit these opinions instead of Dr. Sollinger's treatment notes was supported by substantial evidence.

Plaintiff complains that she did not argue that Dr. Sollinger's treatment notes should be considered "opinion evidence" under the applicable regulations. Instead, plaintiff argued that the ALJ's findings regarding Dr. Sollinger's testing is not supported by substantial evidence. Respectfully, the court fails to see the error. The magistrate judge was correct to categorize the evidence presented by Dr. Sollinger. The magistrate judge then went on to explain why the ALJ's analysis of the various medical opinions was supported by substantial evidence. As the magistrate judge wrote, plaintiff's "citations to contradictory statements in the medical records amounts to his impermissibly asking the court to reweigh the evidence." (R&R 11.)

Plaintiff also argues that the magistrate judge erred in concluding that the ALJ properly considered plaintiff's mental impairments. The magistrate judge reasoned that this is not a situation like *Mascio v. Colvin*, 780 F.3d 631 (4th Cir. 2015), where the ALJ "summarily concluded that a limitation to simple, unskilled work accounts for the claimant's moderate

impairment in concentration, persistence, and pace without further analysis." (R&R 13.) Instead, the medical evidence supports the ALJ's conclusion that, despite his moderate limitations in concentration, persistence, or pace, plaintiff can perform the basic demands of light work with the specified accommodations, and further, the ALJ explained why plaintiff's moderate limitations in concentration, persistence, or pace and understanding, remembering, or applying information did not translate into a limitation in the RFC beyond "[h]e can understand, remember, and carry out simple instructions and perform simple tasks." (Tr. 22.)

The magistrate judge rejected plaintiff's argument that the ALJ failed to specifically describe his ability to sustain work over an eight-hour day and failed to explain his finding that plaintiff is expected to be off task less than 10 percent of the workday because plaintiff pointed to "no specific evidence to support these claims." (R&R 15.) Plaintiff argues that this was error because the ALJ is required to explain his findings and how he reached his conclusion that plaintiff would be off task no more than 10 percent of the workday. To the contrary, the ALJ did explain his findings: "[r]egarding his ability to sustain work, the ALJ found that despite Bryan's testimony, he did not regularly complain to his treating physician about being distractable" (R&R 15 (citing Tr. 10); "[t]he ALJ also emphasized that Bryan engages in activities of daily living that suggest an ability to concentrate, persist, and maintain pace" (R&R 15–16 (citing Tr. 21)); "[f]inally, the ALJ found persuasive the opinions of Dr. Luckett and the state agency psychologists, all of whom suggested he could perform simple tasks without difficulty, and the state agency psychologists specifically addressed Bryan's pace, finding that he could maintain concentration and attention for two-hour periods to complete an eight hour day") (R&R 16 (citing Tr. 88)); "[r]egarding the ALJ's finding that Bryan will be off task less than 10 percent of

6

the workday, the ALJ included this percentage in his Step Three analysis, where he discussed the above evidence") (R&R 16). Plaintiff's objection is not valid.

Plaintiff argues further that the R&R erred in addressing his physical RFC. Plaintiff notes that the ALJ specifically pointed only to his most recent heart attack in 2017 but did not acknowledge prior heart attacks in 2011 and 2012. This is incorrect because the ALJ noted that plaintiff had multiple heart attacks before the alleged onset date (Tr. 26–27), and in any event, plaintiff did not explain how the earlier heart attacks would impact his RFC. Plaintiff complains about the ALJ's reference to his activities of daily living, such as assisting a friend with work, preparing simple meals, driving, shopping, and completing chores. (Tr. 23–25.) Plaintiff maintains that the ALJ did not explain how performing these activities at his leisure leads to the conclusion that plaintiff can sustain work activities. However, other than his own testimony, plaintiff "pointed to no specific medical evidence supporting his limitations in sitting or standing or a need to lie down, and the ALJ noted several specific instances in the record suggesting that the ALJ's restriction to light work with certain limitations adequately accommodated Bryan's symptoms." (R&R 21 (citing Tr. 23, 25, 27).)

Finally, plaintiff argues that the ALJ's assessment of his subjective allegations was not supported by substantial evidence. Plaintiff testified that drowsiness was a side effect of medication, and plaintiff asserts that the ALJ erred by not specifically addressing this allegation. This was not error because plaintiff provided no support for the allegation. "There is no indication that Bryan complained of this issue to his treating physicians, and the ALJ's medical evidence summary described an instance where Bryan reported no side effects from his medication." (R&R 23 (citing *Zeiler v. Barnhart*, 384 F.3d 932, 936 (8th Cir. 2004) (ALJ did

not err in not considering side effect when claimant had never complained of such to her doctors).)

### III.  CONCLUSION AND ORDER

After a review of plaintiff's objections and the record, the court concludes that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards.  Accordingly, it is hereby ORDERED as follows:

1. The R&R (Dkt. No. 21) is ADOPTED;

2. Plaintiff's objections (Dkt. No. 22) are OVERRULED;

3. The Commissioner's motion for summary judgment (Dkt. No. 13) is GRANTED;

4. Plaintiff's motion for summary judgment (Dkt. No. 15) is DENIED; and

5. The Commissioner's decision is AFFIRMED.

An appropriate judgment order will be entered.

Entered: September 28, 2021.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge